FILED
OCT 21 2005
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. FEREBEE, | ) | CIV. 04-5123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JEROMEY SMITH, JAMES STRAIN, | ) | |
| ROBERT LEHMANN, DARWIN COY, | ) | |
| JENNIFER FOX, JEANIE MELTON, | ) | |
| MIKE ANDERSON, MARK STEELE, | ) | |
| JESSE SONDREAL, MICHAEL | ) | |
| O'CONNOR, STEVE HOBART, | ) | |
| NICHOLAS HOBART, and | ) | |
| GEORGE CLINTON, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a Motion to Dismiss or in the Alternative for Summary Judgment [doc. #38], by Defendants Steve Hobart, Nicholas Hobart, and George Clinton. All briefing is complete and this matter is ripe for disposition. For the following reasons, the Court grants the motion for summary judgment.

## INTRODUCTION

On December 29, 2004, pro se Plaintiff George W. Ferebee ("the Plaintiff") filed a Complaint against numerous defendants, including Pennington County Deputy Sheriff Jeromey Smith ("Deputy Smith"); Seventh Judicial Circuit Magistrate Judge Michael O'Connor ("Judge O'Connor"), the Plaintiff's neighbors, Steve Hobart ("Steve") and Nicholas Hobart ("Nicholas"), and Nicholas's friend, George Clinton ("Clinton").[1] The Complaint

---

[1] Because the instant motion was filed only by Steve, Nicholas, and Clinton, for the purposes of this memorandum opinion and order, the Court will refer to these defendants by name, or as "the Defendants" when discussing them collectively.

alleges violations of the Plaintiff's constitutional rights, stemming from two separate arrests of the Plaintiff. The three Defendants (as regards the instant motion) were named only in the second claim contained in the Complaint. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## FACTUAL BACKGROUND

The Defendants filed a statement of material facts in support of their summary judgment motion. In addition to two briefs opposing the Defendants' motion, the Plaintiff has filed an affidavit and a statement of material facts. Finally, the Plaintiff filed an affidavit and a letter pursuant to Fed. R. Civ. P. 56(f). The Defendants' version of the facts was relatively undisputed, except as noted below. Steve and his son Nicholas are neighbors of the Plaintiff in rural Pennington County. On December 29, 1999, Steve filed a "Verified Petition for Protection Order (Stalking)" against the Plaintiff. Judge O'Connor granted the petition on February 4, 2000, signing an Ex Parte Temporary Order of Protection Restraining the Respondent from Stalking ("Protection Order"). The Protection Order commanded the Plaintiff not come within 500 feet of Steve, Steve's wife Rita, Nicholas, Steve's other son Michael, Steve's parents, J.D. and Margaret Hobart, Steve's residence, or Hill City High School.[2] On March 16, 2000, Seventh Judicial Circuit Judge Jeff W. Davis ordered the Protection Order continue in full force and effect until further order of the court.

---

[2]The Plaintiff disputes that he was prohibited from coming within 500 feet of Steve's "property." (#54 at 2-3). It is true the Protection Order prohibited the Plaintiff from going within 500 feet of Steve's residence, among other places (#41-3 at 1-2). However, the Plaintiff has alleged violations of constitutional rights based upon his arrest, not based upon the wording of the Protection Order or its prohibitions. The disputed issue of whether the Plaintiff was prohibited from coming within 500 feet of Steve's property or his residence is not material to the instant motion.

The Protection Order was still in effect on March 2, 2003.[3] On that date, while snowmobiling on Steve's property, Clinton observed the Plaintiff on or near Steve's property. Clinton told Steve and Nicholas about seeing the Plaintiff there. Steve unsuccessfully attempted to see if he could view the Plaintiff near Steve's land, but Steve did see footprints in the snow within 500 feet of his property. Steve asked Nicholas to ride a snowmobile out to find out if Nicholas could see the Plaintiff. Nicholas states he saw the Plaintiff walk on Steve's driveway,[4] which the Plaintiff disputes, then walk toward the Plaintiff's own land. Nicholas videotaped the Plaintiff doing this. Steve reported the possible violation of the Protection Order to the Pennington County Sheriff's Department, and Deputy Smith responded to the report. When Deputy Smith arrived, he viewed the videotape Nicholas had made of the Plaintiff. Steve reported to Deputy Smith the Plaintiff was possibly within 500 feet of Steve's property, answered some of Deputy Smith's questions, and showed Deputy Smith the footprints. Deputy Smith obtained statements from Nicholas and Clinton.

On March 4, 2003, Deputy Smith called to arrange a time to talk to the Plaintiff about the incident. Deputy Smith spoke to the Plaintiff's wife and explained to her why it was important he talk to the Plaintiff. Deputy Smith tried unsuccessfully to call the Plaintiff again later that day. Deputy Smith later requested an arrest warrant be issued for the Plaintiff.

---

[3]The Plaintiff here disputes that the Protection Order was still in effect on March 2, 2003. The Plaintiff offers no evidence to support his argument, while the Defendants have produced, among other evidence, Judge Davis's March 16, 2000, order continuing the Protection Order until further notice from the court. Regardless, as explained below, the validity of the Protection Order is immaterial because even a false report to the police is no basis for a civil rights action.

[4]As noted, the Plaintiff disputes that he was walking down Steve's driveway, and so stated in his affidavit filed in opposition to the motion for summary judgment. Accordingly, the Court will view this fact in the light most favorable to the Plaintiff.

On March 15, 2003, Deputy Smith and Deputy Jack Mann went to the Plaintiff's residence with an arrest warrant. Deputy Smith saw two people walking down the road and contacted the two people, the Plaintiff and his wife. Deputy Smith told the Plaintiff he had a warrant for the Plaintiff's arrest and, after a brief discussion, arrested the Plaintiff. During the arrest, Deputy Smith explained "there was no bond and that he would be in jail at least until Monday," and "he would be going before a judge and that possibly he would have a bond set at that time[,] giving him the opportunity to get out of jail." None of the Defendants are members of the Pennington County Sheriff's Department, nor did they participate in the Plaintiff's arrest or detention.

## SUMMARY JUDGMENT STANDARD

The parties have submitted evidence outside the pleadings in conjunction with the instant motion, and the Court has considered the same. Consequently, the Court entertains the instant motion as one for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth

*specific* facts showing that a genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The Supreme Court has instructed that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

## DISCUSSION

A.   **Summary Judgment Motion**

In the second claim in his Complaint, with regard to the Defendants, the Plaintiff specifically alleges he was deprived of liberty without due process, and more generally alleges his constitutional rights were violated as a result of the chain of events started by the Defendants. A pro se plaintiff's complaint is entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Liberally construing the Plaintiff's complaint, the Court concludes the Plaintiff's allegations only can be construed as claims for violation of his constitutional rights, pursuant to 42 U.S.C. § 1983. Furthermore, the parties have briefed the instant motion as addressing a section 1983 complaint. Thus, the Court concludes the Plaintiff's claims are brought under section 1983.

5

To succeed on a section 1983 claim, the Plaintiff must prove the Defendants deprived him of his constitutional rights under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). "Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.' Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .'" Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (citations omitted).

The three Defendants are private parties. No evidence has been presented that the Defendants worked for any state agency or were public officials. Thus, for the Plaintiff to establish the Defendants acted under color of law, he must prove they were "willful participant[s] in joint activity with the State or its agents." Adickes, 398 U.S. at 152. According to the Plaintiff's claim, the Defendants started a chain of events that led to the Plaintiff's "false" arrest. Additionally, the Plaintiff's affidavit and his statement of material facts alleged his false arrest and imprisonment resulted from the Defendants' false report.

The Court therefore must determine whether the Defendants' alleged false report and surrounding activities, which eventually resulted in the Plaintiff's false arrest, amounted to willful participation in a joint activity with state agents. See id. One court in the Eighth Circuit has held "the mere furnishing of information by a private party to a law enforcement official, even if the information is false, is not sufficient to constitute joint activity with State officials in prohibited action or to state a claim against a private party under § 1983." Young v. Ark. Children's Hosp., 721 F. Supp. 197, 198 (E.D. Ark. 1989) (citing Mark v. Furay, 769 F.2d 1266, 1273 (7th Cir. 1985)); see Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor."). The Defendants' alleged false report was not willful participation in a joint activity with state agents.

Further, although the Plaintiff claims he has "good reason to believe [the Defendants'] involvement in [his] maltreatment . . . was far beyond that of 'mere informants,'" this unsupported, conclusory allegation is insufficient to defeat summary judgment. "A party resisting a properly supported summary-judgment motion may not rest upon the mere allegations or denials of the pleadings, but by affidavit or otherwise as provided by Rule 56 must set forth *specific* facts showing the existence of a genuine issue for trial." Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 469 n.10 (8th Cir. 2004) (emphasis added). "Conclusory affidavits, standing alone, cannot create a genuine issue of material fact precluding summary judgment." Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1109 (8th Cir. 1998).

Finally, in his brief, the Plaintiff also argues the Defendants were more than mere informants because 1) Clinton told Steve and Nicholas about the Plaintiff being on Steve's land; 2) after Clinton reported seeing the Plaintiff, Steve attempted to see if he could spot the Plaintiff on his land; 3) Steve sent Nicholas out to attempt to see if the Plaintiff was on Steve's land; 4) Nicholas videotaped the Plaintiff; 5) Steve gave Deputy Smith the videotape and showed him where the footprints were located; 6) Nicholas and Clinton provided Deputy Smith with written statements about what they observed. The Plaintiff offers no support for any assertion that these activities were sufficient to turn the Defendants into willful participants in a joint activity with state agents. In no respect could this private behavior "be fairly treated as that of the State itself." Brentwood Acad., 531 U.S. at 295; see also Cruz v. Donnelly, 727 F.2d 79, 79-80 (3d Cir. 1984) (store employees' requests that police conduct strip search of suspected thief and act of filling out affidavits not "joint action" sufficient to place section 1983 liability upon employees).

**B.     Additional Discovery**

In considering the instant motion, the Court noted the Plaintiff's written filings indicated he believed the Court should permit him to conduct discovery in order to oppose the motion. Liberally construing the pro se Plaintiff's statements as invoking Rule 56(f), the Court issued an order granting the Plaintiff until October 21, 2005, to file an affidavit pursuant to that rule. "Rule 56(f) allows a party opposing summary judgment to seek a continuance and postpone a summary judgment decision until adequate discovery has been completed." Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997). "When seeking such a continuance, the party opposing summary judgment must file an affidavit with the trial court to show what

8

specific facts further discovery might unveil." Id. "'Rule 56(f) does not condone a fishing expedition' where a plaintiff merely hopes to uncover some possible evidence of a constitutional violation." Duffy v. Wolle, 123 F.3d 1026, 1041 (8th Cir. 1997) (quoting Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997)). "Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Id. (citation omitted).

In response to the Court's order, the Plaintiff filed an affidavit [doc. #65] and a letter [doc. #66]. In his affidavit, the Plaintiff "point[s] out what [he] consider[s] the three most critical (genuine) issues of material fact . . . , and add[s] a few more issues to demonstrate to the Court the nature of the many questions looking for answers." Plaintiff's Affidavit [doc. #65] ¶ 9. The Plaintiff first wants the Defendants to show him the word "property" in the Protection Order to which they refer, claiming the Protection Order does not include this term. The Plaintiff contends the Defendants made at least three assertions of fact that the Protection Order contains such a reference, and he believes "[d]iscovery will unveil the **specific** fact of whether or not the Temporary Protection Order (validity notwithstanding) contains the word 'property.'" Id. ¶ 13. Second, the Plaintiff wants the Defendants to show where the Plaintiff was "walking on Steve Hobart's driveway." Id. ¶ 16. The Plaintiff "will merely request during discovery that they show where," and "[d]iscovery will unveil the **specific** fact that

9

Defendants were mistaken about who was where when," because the Plaintiff "did not trespass on Steve Hobart's property on or about March 2, 2003." Id. ¶¶ 17-19. Third, the Plaintiff wants to question the Defendants about their part in his alleged false imprisonment, claiming the "Defendants have admitted **voluntarily** that they played a role in [his] false imprisonment," and he "want[s] to know the '**rest of the story.**'" Id. ¶¶ 25-27. The Plaintiff does not believe the Defendants told everything about the extent of their involvement, and discovery will unveil more specific facts in that regard, because "[i]t is apparent to [the Plaintiff] that they acted in consort (conspired) with Deputy Smith to have [him] arrested and imprisoned." Id. ¶¶ 28-29.

The Court denies the Plaintiff's request for a continuance to permit further discovery. The first two of the Plaintiff's "most critical (genuine) issues of material fact" relate to issues surrounding the Protection Order and have nothing to do with whether the Defendants acted in joint activity with state agents. As to the remainder of the affidavit and the letter, the Plaintiff has set forth no specific facts showing the Defendants acted in concert with State officials or in any way conducted activities over and above those activities any private citizen reasonably might do when seeking police assistance in a dispute similar to this one. As noted above, the mere furnishing of information to police is insufficient to demonstrate joint activity with State officials. Young, 721 F. Supp. at 198. The Plaintiff does not identify specific, relevant facts that might be revealed through discovery to show such joint activity. Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999); see Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 797 (8th Cir. 1996) (stating that, under Rule 56, "a party must articulate what additional discovery is necessary and how it is relevant to the opposition of the

10

pending motion."). Instead, the Plaintiff offers more of the same as that provided in his previous written submissions: unsubstantiated allegations and the Plaintiff's belief that the Defendants simply are not telling the whole story. The Plaintiff's affidavit does not provide "even the slightest showing that his opposition is meritorious" and does not show "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of material fact. Duffy, 123 F.3d at 1041 (citation omitted). The Plaintiff's request for a Rule 56(f) continuance will be denied, and the Defendants' motion for summary judgment will be granted.

## CONCLUSION

The Plaintiff has not shown by affidavit that he will be able, after discovery, to provide any further evidence to support his claims against these three Defendants. Further, the Plaintiff has not offered evidence the Defendants' actions showed they were "willful participant[s] in joint activity with the State." See Adickes, 398 U.S. at 152. Accordingly, it is hereby

ORDERED that the Plaintiff's request for a continuance to pursue discovery is denied.

IT IS FURTHER ORDERED that the Motion to Dismiss or in the Alternative for Summary Judgment [doc. #38], by Defendants Steve Hobart, Nicholas Hobart, and George Clinton is GRANTED. These three parties are dismissed from this action with prejudice.

Dated this 21st day of October, 2005.

BY THE COURT:

_____
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE