UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

**FILED**

FEB 16 2006

CLERK

| | | |
|---|---|---|
| GEORGE W. FEREBEE, | ) | CIV. 04-5123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JEROMEY SMITH, JAMES STRAIN, | ) | |
| ROBERT LEHMANN, DARWIN COY, | ) | |
| JENNIFER FOX, JEANIE MELTON, | ) | |
| MIKE ANDERSON, MARK STEELE, | ) | |
| JESSE SONDREAL, and MICHAEL | ) | |
| O'CONNOR, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a Motion for Summary Judgment [doc. #85] by the

Defendant, Seventh Judicial Circuit Magistrate Judge Michael O'Connor ("Judge O'Connor"

or "Defendant"). The pro se Plaintiff, George W. Ferebee ("the Plaintiff"), did not file a brief

in opposition to the motion, nor did the Plaintiff file his own statement of material facts to

controvert those filed by the Defendant. Thus, pursuant to the Court's local rules, LR 56.1(D),

the Defendant's statement of material facts is deemed admitted. For the following reasons, the

Court grants the motion for summary judgment.

## INTRODUCTION

On December 29, 2004, the Plaintiff filed a Complaint against numerous defendants,

including the Defendant. The Complaint alleges violations of the Plaintiff's constitutional

rights, stemming from two arrests of the Plaintiff. The Defendant was named only in the

second claim contained in the Complaint. In the second claim, the Plaintiff alleges his

constitutional rights were violated by the Defendant and others.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

The following facts are taken primarily from other filings in this case and are provided for background purposes.[1]  Steve Hobart ("Steve"), a former defendant in this matter, filed a "Verified Petition for Protection Order (Stalking)" against the Plaintiff.  Judge O'Connor signed an Ex Parte Temporary Order of Protection Restraining the Respondent from Stalking ("Protection Order").  The Protection Order commanded the Plaintiff not come within 500 feet of Steve, his family members, his residence, or his children's school.

A circuit judge extended the duration of the Protection Order, and it still was in effect on March 2, 2003.  On that date, while snowmobiling on Steve's property, former Defendant George Clinton ("Clinton") observed the Plaintiff on or near Steve's property.  Clinton told Steve and Steve's son, former Defendant Nicholas Hobart ("Nicholas"), about seeing the Plaintiff there.  Steve eventually reported the possible violation of the Protection Order to the Pennington County Sheriff's Department, and Deputy Jeromey Smith ("Deputy Smith") responded to the report.  When Deputy Smith arrived, he viewed the videotape Nicholas had made of the Plaintiff.  Steve reported to Deputy Smith the Plaintiff was possibly within 500 feet of Steve's property and answered some of Deputy Smith's questions.  Deputy Smith obtained statements from Nicholas and Clinton.

---

[1]The Defendant's Statement of Undisputed Material Facts essentially states that the Defendant is a magistrate judge for the Seventh Judicial Circuit, that the Defendant's only contact with the Plaintiff was in his capacity as a magistrate judge, and that the Plaintiff did not designate in his Complaint the capacity in which the Defendant was sued.

On March 4, 2003, Deputy Smith called to arrange a time to talk to the Plaintiff about the incident. Deputy Smith spoke to the Plaintiff's wife and explained the situation to her, telling her why it was important he talk to the Plaintiff. Deputy Smith tried unsuccessfully to call the Plaintiff again later that day. Deputy Smith later requested, by affidavit, an arrest warrant be issued for the Plaintiff. Judge O'Connor signed the warrant for arrest on March 12, 2003. On March 15, 2003, Deputy Smith and Deputy Jack Mann went to the Plaintiff's residence with the arrest warrant. Deputy Smith told the Plaintiff he had an arrest warrant and, after a brief discussion, arrested the Plaintiff. Judge O'Connor's only contact with the Plaintiff was in his capacity as a magistrate judge ruling on issues presented to him.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth *specific* facts showing that a genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, the Court views the

evidence presented based upon which party has the burden of proof under the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The Supreme Court has instructed that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

## DISCUSSION

In the second claim in his Complaint, with regard to the Defendant, the Plaintiff alleges his constitutional rights were violated as a result of improper actions by the Defendant. Specifically, the Plaintiff complains that the Defendant "falsely issued a WARRANT OF ARREST," that he "signed the EX PARTE TEMPORARY ORDER OF PROTECTION," and that he apparently "did not read his own ORDER," which actions allegedly violated the Plaintiff's constitutional rights.  A pro se plaintiff's complaint is entitled to liberal construction.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  Liberally construing the Plaintiff's complaint, the Court concludes the Plaintiff's allegations only can be construed as claims for violation of his constitutional rights, pursuant to 42 U.S.C. § 1983.

Unfortunately for the Plaintiff, the Defendant is entitled to absolute immunity.  "A judge is entitled to absolute immunity for all judicial actions that are not 'taken in a complete

4

absence of all jurisdiction.'" <u>Penn v. United States</u>, 335 F.3d 786, 789 (8th Cir. 2003) (quoting <u>Mirales v. Waco</u>, 502 U.S. 9, 11-12 (1991) (per curiam)). "Although judges are generally immune from suit for money damages, they can be sued in two circumstances." <u>Duty v. City of Springdale, Ark.</u>, 42 F.3d 460, 462 (8th Cir. 1994) (per curiam).

First, judges can be sued for "non-judicial acts." <u>Id.</u> Although the Plaintiff contends otherwise (in the Complaint, because, as noted above, the Plaintiff did not respond to the Defendant's motion for summary judgment), the facts of this case show the Defendant was acting in his judicial capacity when he signed the Protection Order and when he issued the arrest warrant, so he cannot be held liable for these actions. <u>See</u> SDCL § 22-19A-12 (authorizing courts to grant ex parte temporary protection orders pending a full hearing); SDCL § 16-12B-5 (vesting magistrate judges with jurisdiction to issue arrest warrants). Thus, the Defendant was not involved in any "non-judicial acts" when he signed the Protection Order and issued the arrest warrant.

Second, judges are not immune from suits based on actions performed in the complete absence of jurisdiction. <u>Duty</u>, 42 F.3d at 462. "A distinction [] exists between acts performed in excess of jurisdiction and those done in the absence of jurisdiction. As to the former, a judge acts in excess of jurisdiction if the act complained of is within his general power of jurisdiction but is not authorized because of certain circumstances. As to the latter, there is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial." <u>Id.</u> (citations omitted). Nothing before the Court indicates, and the Plaintiff has not shown, that the Defendant's actions were performed in a complete absence of jurisdiction. The only

evidence before the Court shows the Defendant acted within his authority and, thus, the Defendant is entitled to absolute immunity for his judicial actions.  Further, because the Court concludes the Defendant is entitled to absolute immunity, the Court declines to address the Defendant's argument that Eleventh Amendment immunity bars the Plaintiff's action against the Defendant.  See Holtan v. Black, 838 F.2d 984, 986 n.3 (8th Cir. 1988) ("Federal courts must avoid passing upon constitutional questions unless they are essential to the disposition of the issues before them.").

## CONCLUSION

The allegedly unconstitutional actions of the Defendant were performed in his judicial capacity.  Further, the Defendant did not act in a complete absence of jurisdiction.  Thus, the Defendant is entitled to absolute immunity.  Accordingly, it is hereby

ORDERED that Judge O'Connor's Motion for Summary Judgment [doc. #85] is GRANTED.  Judge O'Connor is dismissed from this action with prejudice.

Dated this 16th day of February, 2006.

BY THE COURT:

ANDREW W. BOGUE
SENIOR DISTRICT JUDGE