UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. FEREBEE, | ) | CIV. 04-5123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JEROMEY SMITH, JAMES STRAIN, | ) | |
| ROBERT LEHMANN, DARWIN COY, | ) | |
| JENNIFER FOX, JEANIE MELTON, | ) | |
| MIKE ANDERSON, MARK STEELE, | ) | |
| and JESSE SONDREAL, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court are a motion to dismiss [doc. #89], filed by Defendant Jesse Sondreal; a "Motion for Discovery [doc. #99], filed by the Plaintiff; a "Motion to Deny Defendant Sondreal's Motion to Dismiss" [doc. #100], filed by the Plaintiff, and a "Motion for Abeyance" [doc. #102], filed by the Plaintiff. These matters are ripe for disposition.

**A. Motion to Dismiss**

Defendant Sondreal moves to dismiss the Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Complaint fails to state a claim against him for which relief can be granted. "A complaint must not be dismissed under 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate an entitlement to relief.'" Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 613 (8th Cir. 2003) (quoting Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999)). "[W]e accept the complaint's factual allegations as true and construe them in a light most favorable to the plaintiff." Id. (citation omitted). The Eighth Circuit has emphasized that

> [a] complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997).

Sondreal argues the Complaint should be dismissed because he was functioning as a prosecutor at all times relevant to the actions giving rise to the Plaintiff's Complaint. Because he was acting as a prosecutor during all relevant times, Sondreal contends, he is entitled to absolute prosecutorial immunity.

The Plaintiff responded to Sondreal's motion to dismiss by filing a "Motion to Deny Defendant Sondreal's Motion to Dismiss" [doc. #100]. The Plaintiff's motion argues Sondreal failed to follow the Court's orders, Fed. R. Civ. P. 56, and Local Rule 56.1. Nowhere in the motion, however, does the Plaintiff address the substance of the arguments presented in Sondreal's motion to dismiss.

"Prosecutors may be entitled to either absolute or qualified immunity from civil liability under 42 U.S.C. § 1983 for actions undertaken pursuant to their official duties. If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). Absolute immunity applies to "prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Id. Put another way, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in

the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The Supreme Court has opined that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." Mitchell v. Forsyth, 472 U.S. 511, 525 (1985). However, a prosecutor only receives qualified immunity, rather than absolute immunity, when he acts in an "investigatory" or "administrative" capacity. Brodnicki, 75 F.3d at 1266. The Supreme Court has instructed that, in determining which immunity applies, courts should look at the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 229 (1987).

The entirety of Sondreal's actions in this case, as alleged in the Plaintiff's Complaint, consist of the following: 1) the Plaintiff's "Constitutional Rights were violated as a result of improper action by . . . Pennington County Deputy States Attorney Jesse Sondreal"; 2) "Deputy States Attorney Jesse Sondreal charged [the Plaintiff] with 'Violation of Protective Order'"; and 3) "Deputy States Attorney Jesse Sondreal falsely changed [the Plaintiff] with 'Violation of Protective Order.'" See Complaint, Claim #2.

The claim against Sondreal states that Sondreal violated the Plaintiff's constitutional rights by charging (and falsely charging) the Plaintiff with violating the Protective Order. The act of charging the Plaintiff could not be more of a prosecutorial act. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley, 509 U.S. at 273. In Imbler v. Pachtman, 424 U.S. 409, 430 (1976), the Supreme Court held "that in initiating a prosecution and in presenting the States's case, the

prosecutor is immune from a civil suit for damages under § 1983." The Court observed that prosecutors must be afforded absolute immunity when their "activities [are] intimately associated with the judicial phase of the criminal process." Id.

The Plaintiff's theory of the case against Sondreal is based on Sondreal charging the Plaintiff with violating the Protective Order, allegedly in violation of the Plaintiff's constitutional rights. The Plaintiff does not, however, argue or claim that Sondreal's act of charging him falls outside of traditional prosecutorial responsibilities. The Complaint does not suggest that Sondreal fabricated evidence. See Buckley, 509 U.S. at 272. The Plaintiff does not aver that Sondreal violated his rights while performing administrative or investigatory activities. See id. at 273; Kalina v. Fletcher, 522 U.S. 118, 126 (1997). Instead, the Plaintiff's claims against Sondreal are based on the initiation of criminal charges against the Plaintiff for violating a Protective Order. In the words of a recent Fourth Circuit opinion, "[t]here is no doubt that the actions complained of in this case form the essence of [Sondreal's] prosecutorial duties. Thus, he is plainly afforded absolute immunity from [the Plaintiff's] claim for damages." Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006). Accordingly, Sondreal's motion to dismiss will be granted.

### B. Motion for Discovery

The Plaintiff claims the information currently in the record is scant with regard to Defendant Jesse Sondreal's role in processing the warrant. Thus, the Plaintiff requests he be allowed to depose former Defendant Judge Michael O'Connor and Sondreal before the Court rules on Sondreal's motion to dismiss.

For government officials, "[q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation,'" Saucier v. Katz, 533 U.S. 194, 201 (2001) (quoting Mitchell, 472 U.S. at 526), such as complying with overreaching discovery requests, Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982). Similarly, "[a]bsolute immunity operates to protect appropriate defendants from exposure to the litigation process. Like qualified immunity, absolute immunity entitles its possessor to be free from suit, not simply from liability." Murphy v. Morris, 849 F.2d 1101, 1104 (8th Cir. 1988); see also Spurlock v. Satterfield, 167 F.3d 995, 1005 (6th Cir. 1999) (noting that qualified immunity, like absolute immunity, is a defense that protects public officials from burdens of discovery and trial). The Third Circuit has opined that the "various forms of immunity, including executive, legislative, judicial, and prosecutorial, reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." Schrob v. Catterson, 967 F.2d 929, 937 (3d Cir. 1992). In Murphy, the Eighth Circuit agreed with a defendant's assertion that "[i]n comparison with qualified immunity, which often requires at least a limited amount of discovery and is usually raised by a motion for summary judgment, absolute immunity . . . can normally be addressed on the basis of the pleadings alone, through a motion to dismiss." Murphy, 849 F.2d at 1103. Further, the Supreme Court has opined that "even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'" Mitchell, 472 U.S. at 526 (quoting Harlow, 457 U.S. at 817).

The Court concludes that discovery, as requested by the Plaintiff, can be avoided in this case. In doc. #63, filed on October 7, 2005, the Court informed the Plaintiff of the

requirements of Fed. R. Civ. P. 56(f), which permits a party to request additional discovery by filing an affidavit showing "what specific facts further discovery might unveil." <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1238 (8th Cir. 1997).  Notwithstanding his knowledge regarding Rule 56(f), the Plaintiff failed to file any such affidavit.  Also, the Plaintiff fails to articulate what particular evidence or facts further discovery might uncover to allow him to respond adequately to Sondreal's motion.  Instead, permitting the Plaintiff to depose Sondreal and Judge O'Connor would be to sanction nothing more than an impermissible fishing expedition, <u>Duffy v. Wolle</u>, 123 F.3d 1026, 1041 (8th Cir. 1997), which would be disruptive of effective government, see <u>Mitchell</u>, 472 U.S. at 526.  If the Plaintiff had a claim against Sondreal for an act outside Sondreal's capacity as a prosecutor, he could have made such an assertion in the Complaint, in his resistance to Sondreal's motion to dismiss, or in any number of other filings in this case.  Instead, the Plaintiff merely asserts that discovery will help him find some information about Sondreal's role in processing the warrant of arrest.  Nothing in the materials before the Court indicates discovery as requested would serve any purpose other than to hinder Sondreal and Judge O'Connor in performing their public duties.  For the foregoing reasons, the Plaintiff's motion for discovery will be denied.

    **C.  Motion for Abeyance**

      The Plaintiff filed a "Motion for Abeyance," asking the Court to hold in abeyance Sondreal's motion to dismiss, pending the outcome of a case currently before the Eighth Circuit Court of Appeals, claiming the case is similar to the instant case.  The case before the Eighth Circuit that the Plaintiff contends is similar, <u>Schenk v. Chavis</u>, a District of South Dakota, Southern Division case, is similar only to the extent that case involved absolute

prosecutorial immunity.  See Case No. 03-4237, Docket #66 at 7-11.  Schenk involved activities by the prosecutor that were, at least arguably, outside the prosecutorial function, while the Complaint in this case presents a claim against Sondreal for charging (and falsely charging) the Plaintiff with violating a Protective Order.  This function, as noted above, clearly is part of the "initiation and pursuit of a criminal prosecution" for which Sondreal is entitled to absolute prosecutorial immunity.  Thus, the Court finds no merit in the Plaintiff's motion to hold the ruling on Sondreal's motion in abeyance pending the outcome of the Schenk appeal.  Accordingly, for the reasons set forth herein, it is hereby

    ORDERED that Defendant Jesse Sondreal's Motion to Dismiss [doc. #89] is GRANTED.

    IT IS FURTHER ORDERED that the Plaintiff's Motion for Discovery [doc. #99] is DENIED.

    IT IS FURTHER ORDERED that the Plaintiff's "Motion to Deny Defendant Sondreal's Motion to Dismiss" [doc. #100] is DENIED.

    IT IS FURTHER ORDERED that the Plaintiff's "Motion for Abeyance" [doc. #102] is DENIED.

    Dated this 16th day of June, 2006.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE