UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. FEREBEE, | ) | CIV. 04-5123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JEROMEY SMITH, JAMES STRAIN, | ) | |
| ROBERT LEHMANN, DARWIN COY, | ) | |
| JENNIFER FOX, JEANIE MELTON, | ) | |
| MIKE ANDERSON, and MARK STEELE, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court are a Motion for Summary Judgment by Defendants Darwin Coy and Jennifer Fox [doc. #94]; and a Motion for Summary Judgment by Defendants James Strain and Robert Lehmann [doc. #113]. These matters now are ripe for disposition. For the reasons that follow, the Court grants the motions for summary judgment.

**I. Background**

The evidence,[1] viewed in the light most favorable to the Plaintiff, is:

On December 30, 2002, the Plaintiff had several open fires burning on his property at 11495 Gillette Prairie Road, Hill City, South Dakota, an area within the Black Hills Fire Protection District. While driving by on the way to a 9-1-1 call, Pennington County Deputy Jeromey Smith saw "a lot of smoke" rising from the area around the Plaintiff's residence,

---

[1]The Plaintiff filed a response [doc. #120] to the Statement of Undisputed Material Facts [doc. #115], filed by Strain and Lehmann. The Plaintiff also filed his own Statement of Material Facts [doc. #119]. The Plaintiff's response [doc. #120] fails to provide citation to the record, as required under Local Rule 56.1(C). The Plaintiff's response also offers argument, rather than factual statements to rebut those of the Defendants. The Plaintiff's own Statement of Material Facts, although providing factual statements, offers nothing to contradict facts contained in the Defendants' statements of facts but, instead, either confirms facts in the Defendants' statements or provides irrelevant and immaterial assertions that do not create genuine issues of material fact.

coming from both a burn barrel and from other places on the property. Deputy Smith contacted dispatch and learned that the Plaintiff had only a permit to burn in a barrel, so he told the dispatch to notify the fire department. After taking some mental notes of the situation, Deputy Smith continued on to his assigned call.

Deputy Smith later returned to the Plaintiff's property and was met there by Defendants James Strain and Robert Lehmann, Fire Management Officers with the South Dakota Department of Agriculture, Defendant Darwin Coy, Fire Chief with the Hill City Fire Department, and Defendant Jennifer Fox, firefighter with the Hill City Fire Department.[2] Deputy Smith and the firefighters saw smoke still rising from the property. The five entered the property to investigate the alleged burning without a valid permit. Soon after entering, the five observed the Plaintiff burning pine needles and other debris "in a draw well away from" the residence,[3] both in a burn barrel and in piles on the forest floor in the area around the barrel. Strain and Lehmann determined that the Plaintiff was burning outside the scope of his permit, and requested that Deputy Smith cite the Plaintiff for the illegal burning. Coy and Fox extinguished the fires.

Deputy Smith attempted to cite the Plaintiff, asking for information from the Plaintiff so he could issue the citation. The Plaintiff would not provide any information to Deputy

---

[2] Hereafter, the Court will refer to Strain, Lehmann, Coy, and Fox individually, or collectively as the "Defendants" or the "firefighters."

[3] In his brief opposing the motion by Strain and Lehmann, the Plaintiff argues the Defendants unlawfully entered his private property, "most, if not all, of which could readily be defined as curtilage." The Plaintiff provides no evidence to support this assertion, while the Defendants offered affidavits and statements of fact describing the location of the fires as well away from the Plaintiff's home.

Smith and would not accept the citation. Because the Plaintiff would not comply, Deputy Smith ended up placing the Plaintiff under arrest.

The Plaintiff claims that he had verbal permission to burn outside the barrel from Joe Lowe, the Wildland Fire Coordinator for the South Dakota Department of Agriculture. The Plaintiff has not produced written proof that he had permission to burn outside a burn barrel. As Wildland Fire Coordinator, Lowe had delegated to Strain and Lehmann the authority to carry out wildfire suppression activities, including investigation of claims an individual is burning without a proper permit. Strain and Lehmann entered the Plaintiff's property solely in their capacities as Fire Management Officers. Coy and Fox entered the Plaintiff's property at the direction of Strain and Lehmann. None of the Defendants entered the Plaintiff's home or any other buildings on the property.

The Plaintiff filed a Complaint [doc. #1] against these Defendants and others, including Deputy Smith, claiming his constitutional rights were violated. The Plaintiff did not specify whether he was suing the Defendants in their official or individual capacities. The Defendants were named in Count I of the Plaintiff's Complaint only. The only allegation against the Defendants is that they were "[a]lso [] trespassing with Deputy Smith on December 30, 2002." See doc. #1. However, during the progression of this lawsuit, it has been learned that the pro se Plaintiff's claim against the Defendants is premised upon 42 U.S.C. § 1983, under which the Plaintiff claims his civil rights were violated. The Defendants have moved for summary judgment based on qualified immunity and other defenses.

## II. Discussion

**A. Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth *specific* facts showing that a genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The Supreme Court has instructed that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

**B. Qualified Immunity**

Under the doctrine of qualified immunity, government officials generally are shielded from civil liability so long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity is an immunity from suit rather than a mere defense to liability, which is effectively lost if a case is erroneously permitted to go to trial." Avalos v. City of Glenwood, 382 F.3d 792, 798 (8th Cir. 2004) (citations and internal quotations omitted). "Qualified immunity is available 'to all but the plainly incompetent or those who knowingly violate the law.'" Id. (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." Id. (citation omitted).

The initial inquiry in the qualified immunity analysis is this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S.194, 201 (2001). If the facts alleged demonstrate a constitutional violation, the second inquiry "is to ask whether the right was clearly established;" that is, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 201-02. Third, the Court must determine if, taking the facts in the light most favorable to the Plaintiff, "there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged actions violated that right." Foulks v. Cole County, 991 F.2d 454, 456 (8th Cir. 1993).

All four of the current Defendants move for summary judgment, arguing their actions did not violate the Plaintiff's constitutional rights and they are protected by qualified immunity. The Plaintiff responded to the motion by Coy and Fox by filing a "Motion to Deny

Motion for Summary Judgment of Defendants Jennifer Fox and Darwin Coy" [doc. #101]. The Plaintiff's response, as far as the Court can tell, argues Coy and Fox did not assert a defense of qualified immunity in their answer, so they may not move for summary judgment based on qualified immunity now. Thus, the Plaintiff requests the Court deny the motion.[4]

The Plaintiff also filed a "Motion to Deny Defendants' James Strain and Robert Lehmann's Motion for Summary Judgment" [doc. #117]. Along with other documents, the Plaintiff also filed a brief in opposition to the motion by Lehmann and Strain [doc. #121]. In that brief, the Plaintiff purports to set forth the correct legal standard for qualified immunity. The Plaintiff then goes on to argue that the right to be free from unconstitutional searches and trespass is clearly established, and that a reasonable officer would know the alleged actions violated that constitutional right. The Plaintiff contends he has shown an agreement or concerted action among the instant Defendants and Deputy Smith. The Plaintiff argues that Joe Lowe does not have authority to violate the law or authorize anyone else to do so. The Plaintiff asserts Strain and Lehmann were not rendering emergency services, so they were not exempt from trespass under SDCL 20-9-4.1. Finally, the Plaintiff opines that the Defendants are clearly mistaken in their assertion that the open fields doctrine is clearly established law.

The Plaintiff's entire claim against Coy, Fox, Lehmann, and Strain is that the four were [a]lso [] trespassing with Deputy Smith" on the Plaintiff's property on December 30, 2002.

---

[4]Although Coy and Fox argued that their answer did actually raise the defense of qualified immunity, "for clarification," they moved to amend the answer to assert the defense. See doc. #s 104 & 105. On February 15, 2006, the Court granted Coy and Fox leave to amend their answer, noting that the Court's scheduling order granted the parties until April 1, 2006, to amend the pleadings. See doc. #108. The amended answer clearly asserts the defense of qualified immunity. See doc. #112. Thus, this argument is without merit.

See Complaint, Attach. 1.  Liberally construing the allegations contained in the Plaintiff's Complaint, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004), and considering the arguments submitted in the Plaintiff's response to the instant motions, the Court concludes the Plaintiff is attempting to bring an action under 42 U.S.C. § 1983 against these Defendants.  To present a claim under section 1983, a plaintiff must show a state actor caused the plaintiff to suffer a deprivation of a constitutional right.  See 42 U.S.C. § 1983.  The allegations in the Plaintiff's Complaint against these Defendants indicate his section 1983 claim would have to be premised on a violation of his Fourth Amendment rights against unreasonable searches and seizures.  The Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S. Const. amend. IV; see United States v. Ameling, 328 F.3d 443, 447 (8th Cir. 2003) (noting the Fourth Amendment applies to states through the Fourteenth Amendment).

   As noted above, the threshold issue in considering the defense of qualified immunity is whether the facts show the Defendants' actions violated a constitutional right.  Saucier, 533 U.S. at 201.  "The § 1983 claimant has the burden of proving that the search violated the Fourth Amendment.  This is true even when the search was not supported by a warrant and the issue is whether the search was justified by an exception to the warrant requirement."  1 Martin A. Schwartz, *Section 1983 Litigation: Claims and Defenses* § 3.21[A] (4th ed. 2005).

   Considering the facts in the light most favorable to the Plaintiff, the Court concludes the Plaintiff has not alleged a constitutional violation by these Defendants.  First, the Plaintiff has not even claimed any search or seizure occurred when the Defendants entered his property

to put out the fire.  Second, no warrant was required for the Defendants to enter the area of the property where they put out the fire, because the undisputed evidence before the Court indicates the area where the Defendants trod was an open field.  The "chief evil" against which the Fourth Amendment protects is the "physical entry of the home." Payton v. New York, 445 U.S. 573, 585 (1980) (citation omitted).  "The Fourth Amendment protects against unlawful searches of homes and persons," Frey v. Leapley, 931 F.2d 1253, 1255 (8th Cir. 1991), and "protects the curtilage of an individual's residence, but not surrounding open fields," United States v. Boyster, 436 F.3d 986, 991 (8th Cir. 2006).  An open field "may include any unoccupied or undeveloped area outside of the curtilage" of a home, and "need be neither 'open' nor a 'field' as those terms are used in common speech." Oliver v. United States, 466 U.S. 170, 180 n.11 (1984).  Entry into an open field requires no warrant. United States v. Eng, 753 F.2d 683, 686 (8th Cir. 1985) (citing Oliver, 466 U.S. at 170).

Additionally, the Supreme Court has opined that "[a] burning building clearly presents an exigency of sufficient proportions to render a warrantless entry 'reasonable.'  Indeed, it would defy reason to suppose that firemen must secure a warrant or consent before entering a burning structure to put out the blaze." Michigan v. Tyler, 436 U.S. 499, 509 (1978).  The Court concludes it also would defy reason to suppose firefighters would be required to secure a warrant before entering an open field to suppress a fire in a fire protection district within the exterior boundaries of a national forest.  The Supreme Court's opinion in Tyler and the open fields doctrine[5] convince the Court that the warrantless entry onto the Plaintiff's land to put out

---

[5]The Plaintiff claims "[m]ore than a few South Dakota Legislators would take and have taken exception to Defendants' assertion" that the open fields doctrine is clearly established law.  The Plaintiff's conjecture notwithstanding, the Court will follow Eighth Circuit precedent, which

the fire there did not violate the Fourth Amendment. Because the Plaintiff cannot show a constitutional violation, the Defendants are entitled to qualified immunity, and the Defendants are granted summary judgment on the Plaintiff's claim against them under 42 U.S.C. § 1983.[6]

Moreover, even assuming that the Plaintiff could show the Defendants violated his constitutional rights under the Fourth Amendment, the second inquiry under the qualified immunity analysis requires the Plaintiff to show the right was clearly established, or "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Saucier, 533 U.S. at 201-02. This "objective element" of the qualified immunity test "requires the court to look beyond the generalized constitutional protection, such as the right to be free of unreasonable searches and seizures, and to determine whether the law is clearly established in a more particularized sense." Kerman v. City of New York, 261 F.3d

---

shows the doctrine is alive and well regardless of the alleged opinions of more than a few unnamed South Dakota legislators.

[6]The Plaintiff's Complaint, even given a liberal construction, cannot be said to present a claim for conspiracy to violate his constitutional rights. Although during his deposition the Plaintiff expressed a belief that Coy and Fox were accessories to a civil rights violation, and that Strain and Lehmann used Deputy Smith as a "medium" to violate his rights, the Plaintiff made nothing even close to a civil conspiracy claim in his Complaint, and has presented no facts in support of such a claim. Under Eighth Circuit precedent, "[c]onclusory allegations are insufficient" to prove such a conspiracy. Anderson v. Douglas County, 4 F.3d 574, 578 (8th Cir. 1993). "Without evidence of specific facts tending to show an agreement or a 'meeting of the minds' and concerted action, a plaintiff seeking to show a civil conspiracy cannot survive a defendant's summary judgment motion." In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig. 113 F.3d 1484, 1498 (8th Cir. 1997). The Plaintiff has admitted he has no evidence of an agreement among the Defendants, other than that the Defendants acted together, to support any conspiracy claim. See doc. #92-7 (Ferebee Dep.) at 78:14-16; 85:10-17. The Plaintiff also appears to concede he is not presenting a conspiracy claim. See doc. #121 (Brief in Opposition to Strain and Lehmann Motion for Summary Judgment) at 12 (stating "Plaintiff is uncertain as to the meaning of Defendants' concern about 'civil conspiracy.' The statute, 42 U.S.C. § 1983, which is the authority for Plaintiff's civil rights claim does not mention 'conspiracy.'"). Thus, the Court concludes the Plaintiff has not presented a civil conspiracy claim.

229, 236 (2d Cir. 2001) (citing Anderson v. Creighton, 483 U.S. 635, 640 (1986)). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 236-37 (quoting Anderson, 483 U.S. at 640). The particular right the Plaintiff asserts, the right to be free from a warrantless entry into an open field by firefighters to put out a fire, is not clearly established. Thus, qualified immunity applies to protect the Defendants from this lawsuit.

### C. Trespass Claim

The Defendants move for summary judgment on any claim the Plaintiff potentially might have made against them for trespass under South Dakota law. While the Plaintiff, in his Complaint, claims the Defendants violated his civil rights, he also claims the Defendants trespassed on his land with Deputy Smith. Liberally construed, see Haines, 404 U.S. at 520-21, this allegation possibly presents a state-law claim for trespass under South Dakota law.

"In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid '[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties.'" Ivy v. Kimbrough, 115 F.3d 550, 552-53 (8th Cir. 1997) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). However, the Eighth Circuit has affirmed a district court's decision to exercise supplemental jurisdiction in a case where the plaintiff's "federal and state claims relied on the same core facts." Id.; see Cossette v. Minnesota Power & Light, 188 F.3d 964, 973 (8th Cir. 1999) (noting the discretion of a district court in deciding whether to exercise supplemental jurisdiction "should be guided by considerations of judicial economy, convenience, and fairness to the litigants"); North Dakota

v. Merch. Nat'l Bank & Trust Co., 634 F.2d 368, 371 (8th Cir. 1980) (en banc) (noting "the substantial investment of judicial time and resources in the case . . . justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed.").

      To the extent the Plaintiff has even presented a state-law trespass claim, the Court concludes it will exercise supplemental jurisdiction over these claims. The alleged trespass claim is so closely related to the section 1983 claim that the two were presented in the same sentence in the Plaintiff's pro se Complaint. Only a liberal construction of the Plaintiff's Complaint–which alleged a trespass by the Defendants in violation of the Plaintiff's civil rights–sufficed to bring his claim within the ambit of the federal statute, 42 U.S.C. § 1983. Furthermore, the entirety of the facts forming the basis for a trespass claim are identical to those supporting a section 1983 claim. Additionally, judicial economy supports the Court's decision to pass on this issue at this time; as explained below, the Plaintiff's claim against the Defendants must be dismissed due to their immunity to trespass claims. The Court can foresee no circumstances, based on the nature of the Plaintiff's claims, in which the Plaintiff could overcome the Defendants' immunity to a lawsuit for trespass. Accordingly, judicial economy, convenience, and fairness mandate, in the Court's opinion, the discretionary exercise of supplemental jurisdiction over the Plaintiff's state-law trespass claim and the dismissal thereof.

      "Conduct otherwise a trespass is often justifiable by reason of authority vested in the person who does the act, as, for example, an officer of the law acting in the performance of his duty." 75 Am. Jur. 2d Trespass § 103 (1974). "Actions of persons other than officers of the law may be justified by reason of authority vested in such persons as, for instance . . . [f]iremen entering a premises to investigate reports of a fire or to actually fight a fire." Id. § 104. The

South Dakota Supreme Court has cited with approval 75 Am. Jur. 2d Trespass § 43 for the police-officer justification cited above. State v. Frey, 440 N.W.2d 721, 726 (S.D. 1989); State v. Cook, 319 N.W.2d 809, 812 (S.D. 1982).[7] Given the South Dakota Supreme Court's use of this standard in Frey and Cook for police officers, the Court has little trouble concluding the South Dakota Supreme Court also would apply section 104 to trespass claims against firefighters and would find a privilege for firefighters to enter property to investigate or fight a fire. This conclusion also is supported by SDCL 20-9-4.1, which provides that

> [n]o . . . member of any fire department, police department and their first aid, rescue or emergency squad, or any citizen acting as such as a volunteer, or any other person is liable for any civil damages as a result of their acts of commission or omission arising out of and in the course of their rendering in good faith, any emergency care and services during an emergency which is in their judgment indicated and necessary at the time.

The South Dakota Supreme Court does not appear to have addressed what constitutes an "emergency" under SDCL 20-9-4.1, and the facts before the Court in this case do not show whether the situation the Defendants faced was an "emergency." However, the intent to shield firefighters (as well as others) from liability when rendering aid is shown in SDCL 20-9-4.1, and the Court concludes this statute supports a holding that the Plaintiff may not sue the Defendants for their alleged trespass in this case. Thus, the Defendants' motions for summary judgment are granted as to any trespass claim the Plaintiff may have brought against them.

---

[7]The Court is uncertain as to why the South Dakota Supreme Court cited 75 Am. Jur. 2d Trespass § 43 (1974), rather than 75 Am. Jur. 2d Trespass § 103 (1974), as the source for this principle. However, in both Frey and Cook, the court quoted the above-cited language verbatim, making it clear the court was applying this principle to the cases before it.

### D. Eleventh Amendment

Defendants Strain and Lehmann alternatively argue they were sued in their official capacities and, thus, they are shielded from suit by Eleventh Amendment immunity. The Plaintiff did not respond to the Eleventh Amendment immunity argument.

The Plaintiff, in his Complaint, failed to indicate the capacity in which he is suing Strain and Lehmann. Furthermore, in his response to the instant motion for summary judgment, the Plaintiff made no assertion to contradict the argument that Strain and Lehmann were sued in their official capacities only. Accordingly, the Court must assume the Plaintiff's claims are against Strain and Lehmann in their official capacities. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir.1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 620 (8th Cir.1995) ("*Nix* requires that a plaintiff's complaint contain a clear statement of her wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient."). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Robb v. Hungerbeeler, 370 F.3d 735, 739 (8th Cir. 2004) (internal citations and quotations omitted).

Strain and Lehmann both work for the State of South Dakota as Fire Management Officers with the South Dakota Department of Agriculture. Because Strain and Lehmann are sued only in their official capacities, the Court must construe the Plaintiff's section 1983

claims against them as being brought against their employer, the State of South Dakota. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects or any Foreign State." U.S. Const. amend. XI. It is well settled that the Eleventh Amendment bars a Plaintiff's section 1983 claims against an individual State. See Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (holding that the Eleventh Amendment barred section 1983 damages claims against a State agency). Accordingly, the State of South Dakota is immune from the Plaintiff's section 1983 claims. In addition to granting summary judgment to Strain and Lehmann based on qualified immunity on the section 1983 claims against them, the Court also will grant summary judgment to Strain and Lehmann on the claims against them in their official capacity, based on Eleventh Amendment immunity.

### III.  Conclusion

The Defendants all are entitled to qualified immunity on the Plaintiff's section 1983 claim against them, and are immune from the Plaintiff's state-law trespass claim against them. Strain and Lehmann also are entitled to Eleventh Amendment immunity from the Plaintiff's section 1983 claim. Accordingly, it is hereby

ORDERED that the Motion for Summary Judgment by Defendants Darwin Coy and Jennifer Fox [doc. #94] is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment by Defendants James Strain and Robert Lehmann [doc. #113] is GRANTED.

Dated this 26th day of July, 2006.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE