UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. FEREBEE, | ) | CIV. 04-5123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JEROMEY SMITH, JEANIE MELTON, | ) | |
| MIKE ANDERSON, and MARK STEELE, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is a letter [doc. #142] from the Plaintiff stating he did not have an opportunity to rebut the motion for attorney fees by former Defendants Steve Hobart, Nicholas Hobart, and George Clinton (the Defendants), and requesting such an opportunity, and a Memorandum in Opposition to the motion for attorney fees [doc. #155]. In a previous Order [doc. #144], the Court noted the Plaintiff's letter requesting he be permitted to rebut the award of $7,841.59 in attorney fees and costs ordered on June 5, 2006. See doc. #138. The Court stated it would construe the Plaintiff's letter as a motion for reconsideration of that award. The Court also noted the motion for attorney fees [doc. #70], the memorandum in support of the motion [doc. #71], and the affidavit in support of the motion [doc. #72] all were mailed to the Plaintiff on November 1, 2005. See doc. #72, Ex. C. Although it did not understand how the Plaintiff could argue he did not have an opportunity to rebut the award, in the interest of justice, the Court provided the Plaintiff an opportunity to file a memorandum in opposition to the motion for attorney fees, but limited the memorandum to seven pages.

The Plaintiff's Memorandum [doc. #155] demonstrates even more strongly the propriety of the award of attorney fees to the Defendants. In the Memorandum [doc. #155], the Plaintiff attempts to show he did not receive other documents *unrelated* to the Motion for Attorney Fees, but does not make any showing that the Plaintiff did not receive the actual Motion for Attorney Fees. The Plaintiff states that he never received a copy of Linda Lea M. Viken's letter [doc. #80] to the Court asking to withdraw the Defendants' Memorandum in Opposition to the Plaintiff's Motion for Reconsideration [doc. #77].[1] Nowhere in the current Memorandum [doc. #155], however, does the Plaintiff make any showing that he did not receive the Motion for Attorney Fees. Thus, the Plaintiff has not rebutted the strong presumption that the Motion for Attorney Fees and supporting documents were mailed or that he received the same. "The law presumes that correspondence properly addressed, stamped and mailed was received by the individual or entity to whom it was addressed." Iowa Lamb Corp. v. Kalene Indus., Inc., 871 F. Supp. 1149, 1153 (N.D. Iowa 1994); see Hagner v. United States, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."); Ark. Motor Coaches v. Comm'r, 198 F.2d 189, 191 (8th Cir. 1952) (noting strong presumption of receipt

---

[1] This letter [doc. #80], and the Memorandum [doc. #77], had nothing to do with the Motion for Attorney Fees [doc. #70], which the Plaintiff now seeks to have reconsidered. Presumably, the Plaintiff is attempting to assert that, because he claims he never received those two documents, that claim somehow demonstrates that he did not receive the Motion for Attorney Fees or the evidence and the memorandum in support thereof.

2

of properly mailed materials).  Thus, the Plaintiff's failure to respond to the Motion for Attorney Fees is not excused, and reconsideration is denied on that basis.

Assuming, however, that the Court were to conclude the Plaintiff's failure to respond should be excused, the Plaintiff has failed to demonstrate that the award of attorney fees was improper.  The Plaintiff's Memorandum [doc. #155 at 5] points out that the Court's Memorandum Opinion and Order granting summary judgment to the Defendants [doc. #67] does not use the words, "unfounded," "frivolous," or "unreasonable."  The Plaintiff goes on to point to several arguments made in support of the Motion for Attorney Fees, claiming the arguments were inaccurate and ambiguous.  Then the Plaintiff proceeds to assert that his "weekend in jail" was "unfounded," "unreasonable," and "harassing."  See doc. #155 at 5.

The Plaintiff cites Tahfs v. Proctor, 316 F.3d 584 (6th Cir. 2003), as lending support for his argument that an award of attorney fees was incorrect.  In Tahfs, the Sixth Circuit affirmed the district court's dismissal of the plaintiff's claim under 42 U.S.C. § 1983, but reversed the district court's award of attorney fees under Fed. R. Civ. P. 11 and 42 U.S.C. § 1988.  Id. at 588.  The Court has reviewed the Tahfs opinion, and concludes that opinion is inapposite to the instant case.  The Tahfs court observed that it would not disturb an award of attorney fees under section 1988 absent an abuse of discretion by the district court, and noted the "substantial deference" given such an award.  Id. at 595-96.  However, the court reversed the award of Rule 11 sanctions and alternative award of attorney fees under § 1988, noting numerous irregularities and unexplained occurrences in the proceedings prior to filing of the federal suit.  The court opined that "[i]n light of the repeated hearing delays, the inaccessible court files, and William Proctor's alleged threat," the filing of the section 1983 complaint was

not frivolous, unreasonable, or groundless.  The court observed that the plaintiff's "complaint was inadequate, but not frivolous."  Id. at 596.  The Plaintiff in this case, on the other hand, has presented nothing to demonstrate even a possibility that the Defendants were in any way involved in joint activity with State officials.  Unlike the Tahfs case, this case is an "egregious case" involving thinly veiled action by the Plaintiff to again "make life as difficult as possible for Hobart."  Hobart v. Ferebee, 692 N.W.2d 509, 512 (S.D. 2004).  The Plaintiff has been harassing former Defendant Steve Hobart for many years; however, after all the litigation expense the Plaintiff has forced Hobart to endure, and all the court time consumed in sorting out the Plaintiff's lawsuits, the Plaintiff still has yet to present a scintilla of evidence that shows the Defendants were involved in joint action with any State officials.  This case does not involve a situation, such as in Tafhs, where counsel expected to uncover more evidence during discovery than was actually uncovered; instead, this case involves an ongoing, long-term harassment of Steve Hobart by this Plaintiff, under the guise of constitutional violations, which, after years of litigation, still has not uncovered even a shred of evidence that would show the Defendants are in some way liable for an alleged constitutional violation committed upon the Plaintiff.  Even when given additional time to present evidence of joint activity for the Court to consider with regard to the Defendants' motion to dismiss or alternatively for summary judgment, see doc. #63, and specific directions as to what evidence he needed to present, the Plaintiff came up with nothing, further demonstrating the frivolity of his suit, at least as against the three private Defendants to whom the Court granted attorney fees.  Simply put, the Plaintiff has not presented any argument or justification that would cause the Court to change its ruling that the award of attorney fees was justified.

Accordingly, for the reasons set forth herein, it is hereby

ORDERED that the Plaintiff's motion for reconsideration [doc. #138] is DENIED.

IT IS FURTHER ORDERED that the Clerk shall mail a copy of this Order, the Court's Memorandum Opinion and Order granting summary judgment (filed this day), and the Judgment in this case, to the attorney for former Defendants Steve Hobart, Nicholas Hobart, and George Clinton, at the following address:

> Linda Lea M. Viken
> Viken Law Firm
> 4200 Beach Drive, Suite 4
> Rapid City, SD 57702

Dated this 28th day of November, 2006.

BY THE COURT:

/s/ Andrew W. Bogue
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE